IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KAMAL ALLEN PASHA | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-551 |
| BOBBY LUMPKIN | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Kamal Allen Pasha, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the above-styled lawsuit.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

On November 21, 2022, Plaintiff was ordered to submit either the full filing fee, $402.00, or an Application to Proceed *In Forma Pauperis* and a statement certified by an authorized prison official showing the average balance in and deposits into Plaintiff's inmate trust account for the preceding six months. Plaintiff's compliance was due on or before the expiration of twenty (20) days from the date of the order.

On December 21, 2022, Plaintiff submitted an Application to Proceed *In Forma Pauperis*. A review of the Application, however, revealed it was not in proper form because it did not include a statement showing the current balance in Plaintiff's prisoner account or the average monthly balance and monthly income for the preceding six months. Accordingly, on April 24, 2023, Plaintiff was again ordered to either pay the $402.00 filing fee or submit a proper Application to Proceed *In Forma Pauperis*. Plaintiff's compliance was due on or before the expiration of twenty days from the date of the order.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

As of this date, Plaintiff has failed to either pay the filing fee or submit an Application to Proceed *In Forma Pauperis* as ordered. Accordingly, Plaintiff has failed to diligently prosecute this case. Therefore, this action should be dismissed without prejudice pursuant to FED. R. CIV. P. 41(b).

## Recommendation

This action should be dismissed without prejudice pursuant to FED. R. CIV. P. 41(b).

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 1st day of June, 2023.

_____
Zack Hawthorn
United States Magistrate Judge